IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1371-M |
| | § | |
| DAN JOSLIN, Warden, FCI Seagoville, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Court has conducted an independent review of the file and the pleadings in this case, as well as the Findings, Conclusions, and Recommendation of United States Magistrate Judge Paul D. Stickney, filed on August 30, 2005, to which the Petitioner has asserted objections. The Court does not accept the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and issues this Order in lieu thereof.

Petitioner Michael Richardson ("Petitioner") was convicted of conspiracy to commit money laundering. While in prison, Petitioner applied for and completed the residential drug abuse treatment program ("RDAP") and sought early release under 18 U.S.C. § 3621(e).[1] On three separate occasions, prison officials determined that Petitioner was eligible for early release due to his participation in the RDAP.[2] In November 2004, the regional drug abuse coordinator

---

[1] (e) Substance abuse treatment.
    (2) Incentive for prisoners' successful completion of treatment program.
        . . .
        (B) Period of custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. . .
18 U.S.C. § 3621(e).

[2] In about December 2001, Dr. Johnson, a RDAP instructor, told Petitioner that he was eligible for a year reduction in his sentence. After Petitioner completed the RDAP, a Program

reversed the earlier decisions, stating that guns found at the Petitioner's residence rendered him ineligible for participation in the early release program. Petitioner filed a Request for Administrative Remedy on November 15, 2004. On December 16, 2004, in response to Petitioner's Request, Respondent wrote that Petitioner was not entitled to a sentence reduction, noting: "Marijuana, drug ledgers, cash in the amount of $41,814.00 and two (2) handguns were seized at the time of your arrest. Based on those factors, the conduct itself presented a potential risk of serious force."[3] Petitioner appealed that decision to the regional director of the Bureau of Prisons ("BOP"), who also denied Petitioner early release. On June 16, 2005, Harrell Watts, Administrator of National Inmate Appeals, denied Petitioner's final appeal. He determined that Petitioner was ineligible for early release under Program Statement 5162.04 § 7, concluding that, because "[m]arijuana, drug ledgers, $41,814.00, and two handguns were seized at the time of your arrest," Petitioner's offense "is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive . . ."[4]. Petitioner then brought this action under 28 U.S.C. § 2241.

The due process rights of prisoners include freedom from restraint which "impose[s] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate can establish the deprivation of a

---

Review Report created by the BOP showed that Petitioner was eligible for early release. On September 16, 2004, another review of Petitioner's early release showed that Petitioner was approved for placement in a Community Correction Center.

[3] According to Program Statement 5162.04 § 7, an inmate is ineligible for early release if his felony, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another".

[4] According to Program Statement 5162.04 § 7, an inmate is ineligible for early release if his felony "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)".

liberty interest mandated under federal law that "inevitably affect[s] the duration of his sentence." *Sandin*, 515 U.S. at 487. This requires more than a unilateral expectation of a sentence reduction. A prisoner must "have a legitimate claim of entitlement to it." *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995), (quoting *Board of Regents v. Roth*, 408 U.S. 564, (1972)).

The BOP has discretion to determine whether an inmate is eligible for early release. 18 U.S.C. § 3621(e)(2)(B); *see also Lopez v. Davis*, 531 U.S. 230 (2001). Petitioner contends that the BOP abused its discretion, or acted in an arbitrary and capricious manner, in determining that Petitioner is ineligible for a sentence reduction based on the presence of firearms at his home.[5] Pre-conviction conduct is one factor that may be considered by the BOP in exercising its discretion. *Lopez*, 531 U.S. at 242. The BOP relied on Program Statement 5162.04 § 7 in denying Richardson a sentence reduction.[6] Having adopted that Statement, the BOP is bound to apply it, and its failure to do so can create a due process violation where prejudice to the inmate results. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532 (1970); *United States v. Morgan*, 193 F.3d 252, 266-67 (4th Cir. 1999); *see also Stafford v. Pratt*, 3:01-CV-35-M, 2001 U.S. Dist. LEXIS 6713, at *5 (N.D. Tex. May 22, 2001) (Lynn, J.). If Petitioner can show that he was otherwise eligible for early release, and the application of Program Statement 5162.04 § 7 to his case was arbitrary and capricious, he

---

[5] The Court notes that Respondent and Mr. Watts justified their decisions on different portions of Program Statement 5162.04 § 7. The Court analyzes both.

[6] At testimony before the United States Magistrate Judge, the South Central Regional Drug Abuse Program Coordinator for the BOP, Dr. Marti Carlson, conceded that the BOP declared Petitioner ineligible for transfer to a half-way house, which is a prerequisite to early release, based exclusively on the statement in paragraph 26 of the Presentence Report ("PSR") that handguns, marijuana, drug ledgers, and $41,814 in currency were seized from Petitioner's residence.

has the legal right to challenge it under 18 U.S.C. § 2241. *Cf. Royal v. Tombone*, 141 F.3d 596, 601-02 (5th Cir. 1998).

Program Statement 5162.04 § 7 does not support the BOP's decision not to apply 18 U.S.C. § 3621(e) to this case, and its application to the facts of this case is arbitrary and capricious. Petitioner was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The sentencing court made no finding that the crime of which Petitioner was convicted involved the actual or constructive possession or use of a firearm. The BOP found, based exclusively on paragraph 26 of the PSR, that the presence of firearms in a location in which drugs, drug distribution records and apparent drug proceeds were located made Petitioner ineligible for early release under Program Statement 5162.04 § 7.

Program Statement 5162.04 § 7 states:

> [A]n inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits.
> Inmates whose current offense is a felony that:
> . . .
> - involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
> - by its very nature or conduct, present a serious potential risk of physical force against the person or property of another . . .

For 5162.04 § 7 to apply, conspiracy to commit money laundering must "by its very nature or conduct, present a serious potential risk of physical force against the person or property of another," or that, in Petitioner's case, it "involved the carrying, possession, or use of a firearm or other dangerous weapon." Conspiracy to commit money laundering does not in and of itself present a serious potential risk of physical force against the person or property of another, and there were no findings or evidence that the firearms were used in connection with the offense of conviction. The PSR states that "during the execution of a search warrant at the residence of

[Petitioner] on May 4, 1999, two handguns, marijuana, drug ledgers, and $41,814 in currency were seized."[7] The PSR does not connect the evidence to Petitioner's later arrest, on July 7, 1999, nor to the crime of conspiracy to commit money laundering. The presence of the guns at Petitioner's home does not necessarily indicate that his money laundering offense involved guns, nor that Petitioner's conduct in relation to his offense presented a serious potential risk of physical force against the person or property of another. *Cf. Hicks v. Hood*, 203 F. Supp. 2d 379, 382 (D. Or. 2002).[8] Were the guns involved with the money laundering offense, they would be subject to forfeiture.[9] Instead, they were returned to Petitioner's mother after his prosecution.

The statement in paragraph 26 of the PSR is the sole basis for the BOP's decision that Petitioner is ineligible for early release. It does not support the conclusion that Petitioner's conduct presents a serious potential risk of serious force against the person or property of another, nor that Petitioner's offense is a felony that involves the carrying, possession, or use of a

---

[7]Watts' decision and Respondent's decision state that the firearms were seized "at the time of [Petitioner's] arrest." Based on the PSR, however, the firearms were seized more than two months *prior* to Petitioner's arrest.

[8]In his Findings, Conclusions, and Recommendation, the United States Magistrate Judge distinguished *Hicks* on its facts. Specifically, the Magistrate Judge stated that had Petitioner contested at the sentencing hearing the presence of the firearms at his apartment, *Hicks* would arguably compel relief, but because Petitioner did not object to paragraph 26 of the PSR, *Hicks* is inapposite. This Court does not agree. There is still no evidence that Petitioner's offense of money laundering involved firearms, nor does the PSR make that link. *See Hicks*, 203 F. Supp. 2d at 382 ("On its face, the [PSR] contains the uncontested fact that a .45 caliber firearm was found during a search. Everything else pertaining to the firearm is unresolved. This is simply not enough to support a conclusion that the petitioner's offense of money laundering involved the possession of a firearm. The BOP's contrary finding was necessarily an abuse of discretion because it was not supported by any credible evidence.") The fact that Petitioner did not object at the sentencing hearing does not preclude him from obtaining relief based on a causal link not made by the PSR nor by any evidence offered at the sentencing hearing.

[9]18 U.S.C. § 3665 provides for forfeiture of firearms used in perpetrating a felony, as punishment for the offense. This provision can be invoked if the indictment alleges that designated property is subject to forfeiture and a judgment of criminal forfeiture is entered. *See Cooper v. Greenwood*, 904 F.2d 302, 304 n.2 (5th Cir. 1990).

firearm or other dangerous weapon.[10] The decision of Watts and Respondent to the contrary is an abuse of discretion.

The petition for habeas corpus relief is, therefore, **GRANTED**. Pursuant to the BOP's regulations, the BOP should have recommended Petitioner for release to a Community Corrections Center beginning December 22, 2004. The Court **ORDERS** the BOP to immediately take all steps necessary to give Petitioner a one-year credit on his sentence for his participation in the RDAP.

**SO ORDERED.**

November 3, 2005.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE

---

[10] The Court would reach this conclusion whether or not the BOP had initially determined that Petitioner was provisionally eligible for sentence reduction. Therefore, this case is unlike *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997), and *Galle v. Clark*, 346 F. Supp. 2d 1052, 1056-57 (N.D. Cal. 2004).